IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RECO MAREESE DANIELS, ) | |
| ) | |
| Petitioner, ) | |
| ) | CASE NO. 3:18-CV-407-WKW |
| v. ) | [WO] |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the court is Reco Mareese Daniels's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. # 1.)[1] *See United States v. Daniels*, No. 3:11-CR-8-WKW (M.D. Ala. Aug. 27, 2012) (criminal judgment). For the reasons discussed below, Mr. Daniels's § 2255 motion is due to be granted in part and denied in part.

### II. BACKGROUND

On April 6, 2012, a jury found Mr. Daniels guilty of seven counts in a multi-count indictment charging him with the following offenses:

---

[1] References to document numbers ("Doc. #") are to the document numbers of the pleadings, motions, and other materials in the court record as compiled and designated on the docket sheet by the Clerk of the Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

- Count One: conspiracy to possess firearms to further crimes of violence (attempted carjacking, carjacking, and Hobbs Act robbery), in violation of 18 U.S.C. § 924(o);

- Count Two: aiding and abetting attempted carjacking, in violation of 18 U.S.C. §§ 2119(1)–(2), 2;

- Count Three: aiding and abetting the brandishing of a firearm to further a crime of violence (carjacking), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2;

- Count Four: aiding and abetting carjacking, in violation of 18 U.S.C. §§ 2119(1)–(2), 2;

- Count Five: aiding and abetting the brandishing of a firearm to further a crime of violence (carjacking), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii)–(iii), 2;

- Count Six: aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a), 2;

- Count Seven: aiding and abetting the brandishing of a firearm to further a crime of violence (Hobbs Act robbery), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2.

(Doc. # 7-1; Doc. # 7-2, at 13.)

After a sentencing hearing on August 12, 2012, Mr. Daniels was sentenced to 87 years (1,044 months) in prison, consisting of the following:

- concurrent terms of 30 years (360 months) on Counts One, Two, Four, and Six;

- a consecutive term of 7 years (84 months) on Count Three;

- a consecutive term of 25 years (300 months) on Count Five; and

- a consecutive term of 25 years (300 months) on Count Seven.

2

(Doc. # 7-5, at 49–60; Doc. # 7-6, at 2–4.)

Mr. Daniels appealed, arguing that (1) the district court erred in failing to sever his trial from that of his codefendants; (2) the district court erred in allowing a gang expert from California to testify; (3) his sentence was greater than necessary, in violation of 18 U.S.C. § 3553(a); and (4) the district court erred in applying a four-level enhancement for abduction. (Doc. # 7-8.) On December 16, 2015, in an unpublished per curiam opinion, the Eleventh Circuit rejected Mr. Daniels's claims for relief and affirmed his convictions and sentence. (Doc. # 7-9); *United States v. Wilson*, 634 F. App'x 718 (11th Cir. 2015).

On April 8, 2018, Mr. Daniels filed this § 2255 motion presenting claims that (1) the sentences imposed for his convictions on Counts One, Two, Four, and Six exceed the authorized statutory maximums; and (2) in light of the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), his 18 U.S.C. § 924(c) convictions on Counts Three, Five, and Seven are invalid because the predicate "crimes of violence" for these

convictions are not legally crimes of violence.[2] (Docs. # 1, 4.) Mr. Daniels later supplemented his § 2255 motion to add an argument that his § 924(c) convictions on Count Three, Five, and Seven are invalid under the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (Docs. # 19, 19-1, 27, 29.)

### III. DISCUSSION

**A.** **Mr. Daniels's Sentences on Counts One, Two, Four, and Six**

Mr. Daniels argues, and the Government concedes, that the sentences imposed for his convictions on Counts One, Two, Four, and Six are illegal because they exceed the authorized statutory maximums. (Doc. # 4, at 5–9; Doc. # 7, at 10.) The parties are correct. Because the sentences imposed on Counts One, Two, Four, and Six exceed the statutory maximum for those offenses, the sentences will be vacated subject to resentencing.

"It is both axiomatic and jurisdictional that a court of the United States may not impose a penalty for a crime beyond that which is authorized by statute." *United States v. Bushert*, 997 F.2d 1343, 1351 n.18 (11th Cir. 1993). Jurisdictional defects

---

[2] Mr. Daniels § 2255 motion also contains claims of ineffective assistance of counsel and prosecutorial misconduct. (Doc. # 1, at 5–6.) However, no supporting facts are set forth for either of these claims. Mr. Daniels was granted leave to file a memorandum setting forth facts and arguments supporting his claims. (Docs. # 2, 3.) On May 21, 2018, Mr. Daniels filed a memorandum that made no mention of his ineffective-assistance and prosecutorial-misconduct claims, but that set forth ample facts and arguments regarding his claims that his sentences on Counts One, Two, Four, and Six exceed the statutory maximums and that his convictions on the § 924(c) counts (Counts Three, Five, and Seven) are invalid. (Doc. # 4.) Mr. Daniels has abandoned his ineffective-assistance and prosecutorial misconduct claims; however, even if those claims were not deemed abandoned, they are wholly unsupported and, thus, entitle Mr. Daniels to no relief.

cannot be procedurally defaulted. *See Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998), *abrogated on other grounds by Alleyne v. United States*, 570 U.S. 99 (2013).

On Count One of the indictment, Mr. Daniels was convicted of conspiracy to possess firearms to further crimes of violence, in violation of 18 U.S.C. § 924(o). This offense carries a statutory maximum of 20 years (240 months) in prison. *See* 18 U.S.C. § 924(o). Mr. Daniels, however, was sentenced to 30 years (360 months) for this offense.

On Count Two of the indictment, Mr. Daniels was convicted of aiding and abetting attempted carjacking, in violation of 18 U.S.C. §§ 2119(1)–(2), 2. Because the jury found that Mr. Daniels caused serious bodily injury in committing this crime, his offense carried a statutory maximum of 25 years (300 months) in prison. *See* 18 U.S.C. § 2119(2). Mr. Daniels, however, was sentenced to 30 years (360 months) for this offense.

On Count Four of the indictment, Mr. Daniels was convicted of aiding and abetting carjacking, in violation of 18 U.S.C. §§ 2119(1)–(2), 2. Because the jury found that Mr. Daniels caused serious bodily injury in committing this crime, his offense carried a statutory maximum of 25 years (300 months) in prison. *See* 18 U.S.C. § 2119(2). Mr. Daniels, however, was sentenced to 30 years (360 months) for this offense.

On Count Six of the indictment, Mr. Daniels was convicted of aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a), 2. This offense carries a statutory maximum of 20 years in prison. *See* 18 U.S.C. § 1951(a). Mr. Daniels, however, was sentenced to 30 years (360 months) for this offense.

Mr. Daniels received illegal sentences on Counts One, Two, Four, and Six because those sentences were higher than the allowable statutory maximum sentence. Accordingly, Mr. Daniels's § 2255 motion is due to be granted to the extent that the sentences imposed on Counts One, Two, Four, and Six will be vacated. A resentencing hearing on these four counts will be scheduled.

**B.** **Mr. Daniels's § 924(c) Convictions (Counts Three, Five, and Seven)**

Mr. Daniels argues that in light of the Supreme Court's holdings in *Johnson v. United States*, 576 U.S. 591 (2015), in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and in *United States v. Davis*, 139 S. Ct. 2319 (2019), his § 924(c) convictions on Counts Three, Five, and Seven of the indictment are invalid because, he says, the predicate "crimes of violence" for these convictions are not legally crimes of violence. (*See* Docs. # 1, 4, 19, 19-1, 27, 29.)

In *Johnson*, the Supreme Court held that the residual clause of the "violent felony" definition in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. *See* 576 U.S. at 597. In *Dimaya*, the Supreme Court applied the reasoning of *Johnson* to hold that the residual clause of the "crime of

violence" definition in 18 U.S.C. § 16(b) is unconstitutionally vague. *See* 138 S. Ct. at 1210–11. In *Davis*, the Supreme Court extended its decision in *Johnson* to 18 U.S.C. § 924(c) and held that the residual clause in § 924(c)(3)(B), like the ACCA's residual clause, is unconstitutionally vague, abrogating the Eleventh Circuit's contrary decision in *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018).[3] *Davis*, 139 S. Ct. at 2336.

Prior to the Supreme Court's decision in *Davis*, under 18 U.S.C. § 924(c)(3)(A) and (B), a "crime of violence" was an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or that (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The former clause is referred to as the "use-of-force" or "elements" clause, and the latter clause as the "residual clause." *Davis*, 139 S. Ct. at 2324.

On Counts Three and Five of the indictment, Mr. Daniels was convicted of aiding and abetting the brandishing of a firearm to further a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2. As set forth in the indictment, the predicate crime of violence for Mr. Daniels's § 924(c) conviction on Count Three

---

[3] The Eleventh Circuit has held that *Davis* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *In re Hammond*, 931 F.3d 1032, 1038–40 (11th Cir. 2019).

was the attempted carjacking charged in Count Two of the indictment. (Doc. # 7-1, at 5.) The indictment identified the predicate crime of violence for Mr. Daniels's § 924(c) conviction on Count Five as the carjacking charged in Count Four of the indictment. (Doc. # 7-1, at 6.)

Nothing in the Supreme Court's holding in *Davis* regarding the unconstitutionality of the residual clause of 18 U.S.C. § 924(c)(3)(B)—and nothing, for that matter, in the holdings of *Johnson* and *Dimaya*—invalidates carjacking in violation of 18 U.S.C. § 2119(1)–(2) as a "crime of violence" under the use-of-force clause in 18 U.S.C. § 924(c)(3)(A). And binding Eleventh Circuit precedent has established that § 2119(1)–(2) carjacking is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *See Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019) (holding that carjacking in violation of 18 U.S.C. § 2119(1)–(2) is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause). That binding precedent is dispositive of Mr. Daniels's claim here.

A federal prisoner raising a claim relying on *Davis* cannot show he was sentenced under § 924(c)(3)(B)'s residual clause if current binding precedent establishes that his predicate offense qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A). *See In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019). *Steiner* is binding precedent in this circuit. Therefore, nothing in *Davis* (or

8

in *Johnson* or *Dimaya*) provides relief for Mr. Daniels's § 924(c) convictions on Counts Three and Five.

It does not matter that the predicate crimes of violence for Mr. Daniels's § 924(c) convictions on Counts Three and Five were *aiding and abetting attempted* carjacking (*i.e.*, Count Two) and *aiding and abetting* carjacking (*i.e.*, Count Four), respectively. The Eleventh Circuit has repeatedly held that, where the substantive offense qualifies as a crime of violence under the use-of-force clause, an offense for attempt to commit or for aiding and abetting the companion substantive offense equally qualifies as a crime of violence under the use-of-force clause. *See United States v. Harvey*, 791 F. App'x 171, 171–72 (11th Cir. 2020); *Steiner*, 940 F.3d at 1293; *United States v. St. Hubert*, 909 F.3d 335, 352 (11th Cir. 2018), *abrogated on other grounds by United States v. Davis*, 139 S. Ct. 2319 (2019); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016).

Carjacking in violation of 18 U.S.C. § 2119(1)–(2) is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *Steiner*, 940 F.3d at 1293. The constitutionality of that clause is unaffected by the "residual clause" holdings in *Davis*, *Johnson*, and *Dimaya*. Therefore, Mr. Daniels's § 924(c) convictions under Counts Three and Five are valid, and he is entitled to no relief.

On Count Seven of the indictment, Mr. Daniels was convicted of aiding and abetting the brandishing of a firearm to further a crime of violence, in violation of

9

18 U.S.C. §§ 924(c)(1)(A)(ii), 2.  The indictment identified the predicate crime of violence for Mr. Daniels's § 924(c) conviction on Count Seven as the Hobbs Act robbery charged in Count Six of the indictment.  (Doc. # 7-1 at 7–8.)  Binding Eleventh Circuit precedent holds that Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause.  *See In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016) (holding that Hobbs Act robbery in violation of § 1951(a) is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause).  That binding precedent is dispositive of Mr. Daniels's claim as to Count Seven.  Because *Saint Fleur* is binding precedent in this circuit, nothing in *Davis*, *Johnson*, or *Dimaya* provides relief for Mr. Daniels's § 924(c) conviction on Count Seven.

Again, it does not matter that the predicate crime of violence for Mr. Daniels's § 924(c) conviction on Count Seven was *aiding and abetting* Hobbs Act robbery (*i.e.*, Count Six).  Because Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause, aiding and abetting Hobbs Act robbery equally qualifies as a crime of violence under that clause.  *See Colon*, 826 F.3d at 1305.  For these reasons, Mr. Daniels's § 924(c) conviction on Count Seven is valid, and he is entitled to no relief.  Accordingly, the convictions and sentences on Counts Three, Five, and Seven stand.

## IV. CONCLUSION

For the reasons stated above, it is ORDERED as follows:

(1) Mr. Daniels's 28 U.S.C. § 2255 motion is GRANTED in part and DENIED in part.

(2) The motion is GRANTED to the extent that the sentences imposed on Counts One, Two, Four, and Six in *United States v. Daniels*, No. 3:11-CR-8-WKW (M.D. Ala. Aug. 27, 2012) will be vacated. A separate order will be entered in the underlying criminal action vacating the sentences on Counts One, Two, Four, and Six, and scheduling a resentencing hearing on those counts.

(3) The motion is DENIED as to Mr. Daniels's claims for relief on Counts Three, Five, and Seven.

(4) The Clerk of the Court is DIRECTED to file this Memorandum Opinion and Order, along with the accompanying Final Judgment, in *United States v. Daniels*, No. 3:11-CR-8-WKW (M.D. Ala.).

(5) The Clerk of the Court is DIRECTED to furnish copies of this Order to counsel, to the United States Probation Office, and to the United States Marshal.

An appropriate judgment will be entered.

DONE this 30th day of August, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE